plaintiff's conduct which a defendant may seek to prove are untrue alone would not be ground for aggravating the damages. To have that effect it is also necessary that the charges should be made in bad faith. (*Distin* v. *Rose*, 69 N. Y. 122.) This limitation was not pointed out in the charge of the trial justice." In *Distin* v. *Rose*, as has already been shown, the attack on plaintiff's character was reiterated in the answer. So that I deem it clear that no repudiation of the rule therein laid down was intended by the Court of Appeals, and plaintiff must still prove bad faith on defendant's part in making the attack upon her character in the answer, before she can recover exemplary damages. The charge of the trial court in this particular was, therefore, error, requiring a reversal. Nor can I agree with the conclusion reached by the majority of my associates, that this error was cured by the final charge of the court. Evidently appreciating that the exception taken by defendant's counsel hereinbefore quoted at length, referred to the question of exemplary damages and was a good exception, plaintiff's counsel said: "As an extra precaution I ask your Honor to instruct the jury that this question of exemplary damages, that if those charges were made in bad faith by the defendant, that we can recover exemplary damages. The Court: You refer to the answer? Plaintiff's Counsel: Yes, and the bill of particulars. The Court: If the allegations in the answer which I have read you, gentlemen of the jury, in part were made, you find, in bad faith, and without a proper motive, then you may take that into consideration. Defendant's Counsel: I respectfully except to your Honor's charge in that regard." The jury then retired. Giving this additional charge a reasonable interpretation, it was an additional ground upon which exemplary damages could be awarded against the defendant. It did not withdraw the part of the charge to which exception had already been taken; it did not by its terms modify, limit or reduce it. (*Willard* v. *Press Pub. Co.*, 52 App. Div. 448.) It did not tell the jury that they could not award exemplary damages for the charges in the answer unless the defendant had interposed them in bad faith. It nowhere suggested that they must not take those charges into consideration unless they found them to have been made in bad faith. As I view it, it increased the defendant's liability to respond in damages, instead of reducing it. The trial court did not even charge in the words of the request, but apparently left the jury free to regard the defendant's bad faith in making the charges as additional cause for increasing the verdict against him, in addition to all that had already been charged. I, therefore, favor a reversal of the judgment and the granting of a new trial, with costs to appellant to abide the event. McLaughlin, J., concurred

———

JOHN H. PARKER COMPANY, Appellant, v. HAMILTON HOTEL COMPANY, LTD., Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Clarke, P. J., Laughlin, Scott, Dowling and Page, JJ.

JOHN H. PARKER COMPANY, Appellant, v. HAMILTON HOTEL COMPANY, LTD., and METROPOLITAN LIFE INSURANCE COMPANY, Respondents.—